# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JASON NICHOLS,

        Plaintiff,

v.     CIVIL ACTION NO. 3:18-0266

COUNTY COMMISSION OF CABELL
COUNTY, a public corporation,
BETH THOMPSON, in her official capacity
and individually, and
PHYLISS SMITH, in her official capacity
and individually.

        Defendants.

## MEMORANDUM OPINION AND ORDER

After granting Plaintiff's Counsel's Motion to Withdraw, the Court stayed the instant case for thirty days to allow Plaintiff to find new counsel or proceed pro se. *See Order*, ECF No. 84. The Court directed Plaintiff to file a statement of intent to proceed pro se or have counsel enter an appearance by January 25, 2019. *See id.* As the Plaintiff has failed to respond to the Court's Order, the issue now before the Court is whether Plaintiff has failed to prosecute his civil action. For the following reasons, the Court finds that Plaintiff has failed to prosecute this case and therefore **DISMISSES** the case without prejudice.

**I.     Background**

Plaintiff, by counsel, filed a complaint with this Court on February 6, 2018, seeking relief from Defendants Cabell County, Phyllis Smith, and Beth Thompson. *Compl.*, at 1. In his complaint, Plaintiff alleges the same three claims against all Defendants: (1) violation of 42 U.S.C.

§1983; (2) unlawful retaliation in violation of the West Virginia Whistle-blower Law; and (3) a West Virginia common law claim for unlawful retaliatory discharge in violation of substantial public policy, also known as a *Harless* claim. *Id.* at 6, 8, 10, 12.

The Court issued a scheduling order in the case, setting trial for May 21, 2019. *See Scheduling Order*, ECF No. 22. On December 6, 2018, Plaintiff's counsel moved to withdraw from the case, citing Plaintiff's failure to respond to counsel's repeated attempts to communicate with him regarding discovery and deadlines in this case. *See Mot. to Withdraw as Counsel*, ECF No. 82. The Court directed Plaintiff to respond within two weeks as to whether he consented or objected to his counsel's withdrawal. *See Order*, ECF No. 83. Plaintiff failed to respond to the Court's Order, so the Court granted counsel's motion to withdraw. *See Order*, ECF No. 84. In that Order, the Court directed Plaintiff to file a pro se statement of intent to proceed or to have new counsel file an appearance with the Court by January 25, 2019. *Id.* This date has passed without response.

**II.    Discussion**

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This rule solidifies the principle "that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Although the rule does not explicitly provide the power for a court to dismiss a case *sua sponte*, district courts have the inherent authority to dismiss a case for failure to prosecute without waiting for a defendant's motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts,

acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

When considering whether to dismiss a case for failure to prosecute, the court should consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990). These factors, along with the specific factual circumstances of the case, assist the court in determining whether dismissal is appropriate. *Ballard*, 882 F.2d at 95–96. If a party "has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (citing *Ballard*, 882 F.2d at 95–96).

In the Court's last Order, the Court directed Plaintiff to file a statement of intent to proceed pro se or have an attorney file an appearance with the Court. *See Order*, ECF No. 84. The Court warned that if Plaintiff failed to take action Defendants could move for appropriate relief. *Id.* Although the Order did not directly state that the appropriate relief would be dismissal, the Court finds that this warning satisfactorily cautioned Plaintiff that noncompliance would result in unfavorable consequences. The Fourth Circuit's four-factor test further supports the Court's finding that Plaintiff failed to prosecute.

The first factor determines whether Plaintiff is personally responsible for the noncompliance. Dismissing a case is an inappropriate remedy if the blame falls to a party's counsel, rather than to the party itself. *See Hillig*, 916 F.2d at 174. However, in this case, the Court has no other evidence to suggest that the blame falls on anyone but Plaintiff. Plaintiff's counsel had struggled to communicate with Plaintiff, resulting in the motion to withdraw as counsel. The

Court has issued two separate orders requiring Plaintiff to individually respond, but Plaintiff failed to report to the Court. Without other evidence indicating that Plaintiff is blameless in the noncompliance, the Court must conclude that Plaintiff is personally responsible.

The second factor considers the prejudice to the defendant. Here, the parties progressed through discovery until communications with Plaintiff broke down. As a result, Plaintiff has failed to appear for his scheduled deposition on two separate occasions. *See Mot. to Withdraw as Counsel*, at 2. If Plaintiff were allowed to continue to ignore court orders, Defendants would continue to be prejudiced during discovery and preparation for trial. Thus, Plaintiff's complete lack of communication with the Court and his prior counsel has caused prejudice to Defendants.

The third factor looks to the history of noncompliance in the case. Here, the Court issued two orders directed specifically towards Plaintiff. The Court included a reference to Plaintiff's last known address in the orders to ensure proper delivery. The Court issued its first order on December 7, 2018, but has not received any communications, in any form, from Plaintiff. Although there is no evidence in the record that such conduct is deliberate in nature, the complete lack of response weighs against Plaintiff.

The last factor focuses on other remedies other than dismissal. The Court could issue other orders to sanction Plaintiff, but the Court does not find that these remedies would be sufficient. Monetary sanctions and discovery penalties will not force Plaintiff to respond to the Court's orders and prosecute this case in a timely fashion. The Court has given Plaintiff two chances to communicate directly to the Court, and Plaintiff chose to ignore these directives. Considering the four factors and the failure to respond directly to court orders, the Court finds that the case shall be **DISMISSED** for failure to prosecute pursuant to Rule 41(b). The Court raised the failure to

prosecute issue *sua sponte* and has no evidence that Plaintiff acted deliberately or in bad faith, so the Court dismisses the action without prejudice.

### III.     Conclusion

Accordingly, the Court finds that Plaintiff has failed to prosecute the case. Pursuant to Federal Rule 41(b), the Court **DISMISSES** the action from the docket without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, Plaintiff at his last known address, 6226 Gary Drive, Huntington, W.V. 25705, and any unrepresented parties.

ENTER:     January 30, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE